# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**MATTHEW RODGERS**                                                                 **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:17-CV-70-GNS**

**SOUTHERN HEALTH PARTNERS,** *et al.*                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Rodgers filed a *pro se* complaint under 42 U.S.C. § 1983. At the time he filed the complaint, Plaintiff was a prisoner incarcerated in the Hardin County Detention Center (HCDC). However, Plaintiff subsequently notified the Court of a change of his address that indicates he is no longer incarcerated. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss Defendants Carman and Southern Health Partners (SHP) and the claims against them and give Plaintiff 30 days to amend his complaint, if he so chooses.

### I. SUMMARY OF CLAIMS

Plaintiff names two Defendants in this action, SHP and Carman. Plaintiff identifies SHP as the medical provider at HCDC. He identifies Carman[1] as "Legal Risk Management" at HCDC, and Plaintiff sues Carman in his individual and official capacities. As relief, Plaintiff seeks punitive damages. Plaintiff asserts that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

---

[1] It is unclear whether this Defendant is male or female. For ease of reference, the Court will refer to this Defendant using masculine pronouns.

In his complaint, Plaintiff states that he is a former combat Marine and that he suffers from "chronic anxiety, acute PTSD, depression, insomnia, osteo-arthritis, and high blood pressure." Plaintiff states that he is prescribed medication for "every one of these conditions" and received his medications until November 12, 2016. Plaintiff states that on November 12, 2016, SHP "stopped giving [him his] medication that is to be passed out twice daily." Plaintiff states that on November 13, 2016, he received only his evening medications, not his morning medications.

Plaintiff states that on November 14, 2016, after not receiving his morning medications, he asked the nurse about his medications. According to Plaintiff, the nurse stated that "she would bring it back later." Plaintiff states that he "also submitted a request asking why [he] was missing [his] doses, especially the 'life-sustaining' blood pressure medication." Plaintiff states that his "evening dose for 11-14-16 wasn't there and the nurse still didn't know why." Plaintiff requested that his blood pressure be checked, "as [he] knew it was high." He was told it would be checked, but no one ever came and took his blood pressure. Plaintiff says that at this point he had talked to four different nurses about his medication, but "none seemed concerned, or wasn't able to do anything about it." On November 15 and 16, Plaintiff states that again he did not receive any medication. According to Plaintiff, on November 15th, he again requested that his blood pressure be checked. Plaintiff states that "no one came to check it." Plaintiff states that he "put in a second request to be put back on meds, no response."

On the morning of November 16, 2016, Plaintiff states he "still had no meds, no explanation, & not had [his] blood pressure checked." Plaintiff states that he "felt like [he] was going to burst." Plaintiff states that he "could feel [his] pulse in [his] eyelids." He states that he was "in a state of chaos." He says he felt "[a]nxious and paranoid that [he] would be stuck in

2

this state of anguish." According to Plaintiff, this caused Plaintiff to "bang [his] face on a metal table 7 or 8 times." According to Plaintiff, he "busted [his] nose & mouth open, bleeding profusely. This release of pressure mixed with adrenaline relieved [him] temporarily until the pain set in." Plaintiff states that "[l]ess than 20 minutes after this, [he] received [his] meds and [has] been on them ever since."

## II. STANDARD OF REVIEW

Upon review under 28 U.S.C. § 1915A(b), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create

a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Claims Against Defendant Carman

##### 1. Official-Capacity Claim

Plaintiff sues Defendant Carman in his official capacity as "Legal Risk Management" at HCDC. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant in his official capacity is the equivalent of suing his employer, HCDC. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights,Tex.*, 503 U.S. 115, 120-21 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("[A] municipality is not liable under § 1983 for an injury inflicted solely by its employees or agents; the doctrine of respondeat superior is inapplicable. It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983.") (citations omitted). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or

5

custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, as to Plaintiff's official-capacity claim, Plaintiff has not alleged that a HCDC policy or custom caused his alleged harm. As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by HCDC, the complaint fails to establish a basis of liability against the municipality as to this claim, and it fails to state a cognizable § 1983 claim.

Accordingly, the official-capacity claim against Defendant Carman will be dismissed.

### 2. Individual-Capacity Claim

Plaintiff also brings a claim against Defendant Carman in his individual capacity. However, Plaintiff makes no allegations against him in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular

party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Having failed to allege any conduct on the part of Defendant Carman that violates Plaintiff's rights, Defendant Carman will be dismissed from this action.

### B. Claim Against Defendant SHP

"The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Southern Health Partners." *Detwiler v. S. Health Partners*, No. 3:16-cv-P343-DJH, 2016 WL 4083465, at *2 (W.D. Ky. Aug. 1, 2016) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)). SHP cannot be held liable on a respondeat superior basis for the actions of its employees. *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001); *Ruley v. S. Health Partners*, No. 4:10-CV-P34-M, 2011 WL 2214998, at *4 (W.D. Ky. June 6, 2011). A private corporation such as SHP is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of the constitutional right. *See Street v. Corr. Corp. of Am.*, 102 F.3d at 817.

As previously stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d at 364 (quoting *Coogan v. City of Wixom*, 820 F.2d at 176, *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. at 326 (citation omitted)). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the

7

municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. at 479.

Plaintiff makes no allegation that the alleged constitutional deprivation resulted from a policy or custom of SHP. Consequently, Plaintiff fails to state a claim against SHP, and SHP and the claim against it will be dismissed.

Rather than dismissing this entire action at this time, the Court will allow Plaintiff to amend his complaint. Plaintiff alleges that he was not given his medication as prescribed between November 12, 2016, and November 16, 2016. However, he fails to name as Defendant(s) any individual(s) he alleges were responsible for the claimed Eighth Amendment violation. "[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff to amend his complaint to name as Defendant(s) the specific individual(s) who was/were responsible for denying his medication from November 12, 2016, to November 16, 2016.

## IV. <u>ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the claims against Defendants SHP and Carman are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **Carman** and **SHP** are **DISMISSED** as Defendants from this action since there are no remaining claims against them. The **Clerk of Court** is **DIRECTED** to remove Carman and SHP as Defendants from the docket of this action.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to name, in their individual capacity, the specific individual(s) who was/were responsible for denying him medication, if he so chooses. The **Clerk of Court** is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form with this case number and the word "AMENDED" affixed thereto for Plaintiff's use should he wish to amend the complaint. Once received, the Court will perform screening of the amended complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

Date: June 5, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4416.003